## EVERSOLE V. EARLY *et al.*

'Vendors and Purchasers: BUYING IN PARAMOUNT TITLE: WHAT IS NOT. The grantee in a warranty deed may buy in a paramount title and recover on his covenants of warranty without waiting for actual ouster. It is sufficient that the holder of the paramount title is able to assert it successfully. (See opinion for citations.) But where the vendor at the time of his conveyance had only a tax title, and the holder of the patent title afterwards procured a decree allowing him to redeem upon paying to the vendor, within a named time, a certain sum for taxes paid upon the land, in default of which the title was to be quieted in the vendor, and it was within the time named for such payment that the vendee purchased the patent title, *held* that it was not at that time the paramount title, and that, since the holder of that title never paid the taxes provided in the decree, it never became such, and that the vendee could not recover of his vendor the amount paid by him for such title.

*Appeal from Sac District Court.*—HON. J. H. MACOMBER, Judge.

FILED, FEBRUARY 12, 1890.

ACTION to recover damages for breach of covenants of warranty in a deed of conveyance. Plaintiff alleges that defendants conveyed to him certain lands by deed of general warranty, and that afterwards he conveyed the same, by the same kind of deed, to N. G. Wilson; that thereafter J. C. Barke, claiming to be the owner in fee simple of said land, commenced an action against said N. G. Wilson and D. Carr Early to quiet his title to, and recover possession of, said land, and that it was adjudged that said Barke was the owner of the land, and entitled to the possession thereof; that Barke conveyed his title to A. B. Mason and E. G. Thomas, and that, to protect his title and fulfill his covenants to N. G. Wilson, plaintiff purchased said land of said Mason and Thomas, and they conveyed the same to him in consideration of sixteen hundred dollars; that said

title from Mason and Thomas was paramount to the title conveyed by said Early to plaintiff; and that said Early has not paid any portion of the money due on said covenants of warranty; wherefore he asks judgment. The defendants answered in three counts. In the first they admit they sold and conveyed to plaintiff for seven hundred and sixty dollars; that plaintiff conveyed to Wilson; that Barke commenced an action, as stated, pending which he conveyed to Mason and Thomas; and that Mason and Thomas conveyed to plaintiff; but deny that it was for the consideration stated. For a second count, they simply deny all allegations of the petition not admitted or denied in the first. The third count alleges that at the time defendant Early conveyed to plaintiff he held title to said land under a tax deed; that the purpose of Barke's action was to redeem said land from the tax sale, and to cancel said tax deed, and tendered in his petition any amount that might be found due from him for taxes paid; that a decree was entered in said case finding said Barke to be the owner in fee simple of the premises, and ordering cancellation of the tax deed, on condition that Barke should pay to the defendants in said action the taxes they had paid, with interest and penalties, amounting to $968.50. They further allege in said count that it was decreed "that the plaintiff be required to pay amount of taxes paid by defendants by the first day of May, 1887, if no petition for improvements be filed by that time; but, in case a petition for improvements be filed by that time, plaintiff shall have sixty days after the determination of said question for improvements to pay said amount paid by the defendants as taxes on said land, and, in case plaintiff fails to pay said amount in sixty days after the final determination of the question of improvements, the title to said land shall be quieted in the defendants;" that prior to the entry of said decree Mason and Thomas, who were the attorneys for Barke, took their conveyance from him by quitclaim deed, and obtained possession of the

land from a tenant in possession, thus rendering it impossible for the defendants in said action to commence and maintain an action for improvements ; that said Barke or his grantees did not at any time pay to the defendants in said action, or either of them, the taxes found due by the court, though no claim for improvements has ever been filed. Wherefore these defendants say that their title under said tax deed was quieted and confirmed by the terms of said decree, and that his deed to this plaintiff passed to him a good, valid and indefeasible title to the land, and that plaintiff had good title thereto at the time this action was brought. The plaintiff demurred to said third count on the grounds: "*First*, that said count does not state facts constituting a defense to said action ; *second*, that the fact that said Early had paid taxes on said land does not constitute a defense to this action, as said taxes were not any interest in or part of said realty, nor were said taxes, nor the right to recover the same, conveyed by said deed of Early to plaintiff." This demurrer was sustained, to which defendants excepted. The case was submitted to the court, and judgment entered in favor of the plaintiff for $1,078.75. Defendants appeal, assigning as errors the sustaining of said demurrer, rejecting certain evidence offered by the defendants, and entering judgment for the plaintiff, because not sustained by the pleadings and evidence, and excessive in amount.

*Breen & Duffie* and *J. H. Tait*, for appellants.

*Mason & Thomas*, for appellee.

GIVEN, J.—I. Plaintiff asks to recover upon the ground that the fee-simple title of Barke and his grantees was paramount to the title which he had received from Early, to protect himself and his grantee against which, he was compelled to purchase said paramount title, to his damage, which he asks to recover

under defendants' covenants of warranty to him. If the third count states as facts that which shows that the Barke title was not paramount to the tax title of Early, then it states facts constituting a defense. According to said count, Barke's title was not complete. It depended upon his paying the $968.50 within a certain time, a failure to do which would defeat his title, and render the tax title paramount. The demurrer should have been overruled. It is contended that this ruling is without prejudice, as, under the issues joined by the other counts, plaintiff had to prove that the title bought in by him was paramount. This is true, but the defendants pleaded facts that would show upon what the question of superiority of title rested. Without this count, there was nothing in the pleading to even suggest the real point in controversy.

II. The point in controversy was as to which of these titles was paramount at the commencement of this action. If the Barke title was paramount, we have no doubt as to plaintiff's right to protect himself by purchasing it. The old rule, that there was no eviction until actual ouster, does not prevail. It is sufficient that the holder of the paramount title is able to assert it successfully. *Thomas v. Stickle*, 32 Iowa, 71 ; *Funk v. Cresswell*, 5 Iowa, 62.

There is no conflict in the evidence, and the only fact appearing therefrom, in addition to that shown by the pleadings, is that, the case of Barke *v.* Early *et al.* being appealed, a stipulation was entered into by which the time for the payment of the $968.50, and for filing a petition for improvements, was extended to a later date than that named in the decree, being a date later than that on which Barke conveyed to Mason and Thompson, and they to the plaintiff. The decree in Barke *v.* Early *et al.* explicitly provides that, in case plaintiff fails to pay the $968.50, "the title to said land shall be quieted in defendants." During the time allowed for the payment, it could not be said that either title was paramount, as that depended upon the

payment or failure to pay. It was during this time that Barke conveyed to Mason and Thompson, and they to the plaintiff. Hence it is not true that the plaintiff purchased a paramount title.

Appellee contends that, as the patent title could have been perfected and enforced at the time plaintiff purchased it, it was the paramount title. In *Thomas v. Stickle, supra,* the court says : " Could the grantors of Pitcher have successfully maintained an action against the plaintiff for the recovery of the land in dispute at the time Pitcher purchased in their titles ? " Adapting the inquiry to this case, we ask, was Barke, or Mason and Thomas, entitled to a writ of possession under the decree in Barke *v.* Early *et al.* at the time plaintiff purchased in their title ? Clearly not, without first paying the $968.50. Without this payment, they were not in position to assert the patent title successfully. Our conclusion is that the court erred in sustaining the demurrer, and in rendering judgment for the plaintiff, and that judgment should be for the defendants for costs. This view of the case renders it unnecessary to notice the other questions presented.

REVERSED.