J. W. THORNE v. J. CHAPELLE CLARK, Appellant.

**Warranty to Defend Title:** *Warrantor not bound to defend title good in fact.* A purchaser of lands under a warranty deed brought an action to quiet title against the heirs of a widow of a former owner, and called on his vendor to defend. The vendor did not respond. The land was the homestead of the former owner, and, after his death, his widow continued to occupy it during her life, thus electing to take the homestead right instead of the dower. The vendor's title came through the former owner's children. The purchaser obtained a decree, and sued his vendor to recover the costs of the suit. *Held,* that the fact that the widow's forfeiture of her dower right did not appear of record, and that her heirs were therefore apparent owners of an interest in the land, did not compel the vendor to defend purchaser's title, or make him responsible for the costs of such defense, since his covenant of warranty was only against hostile titles, in fact superior to the purchaser's, and not groundless claims.

*Appeal from Warren District Court.*—HON. A. W. WILKIN-SON, Judge.

SATURDAY, DECEMBER 22, 1900. .

PLAINTIFF purchased of defendant a certain 40 acres of land in Warren county, receiving a warranty deed therefor. Said deed contained the usual covenants that defendant had a good and perfect title; that he had good right and lawful authority to sell and convey the premises, which were free and clear of all incumbrances; and that he would warrant and defend the same against the lawful claims of all persons whomsoever. One John S. Davis had owned this land prior to defendant. He died while title was in him, leaving a widow and several children. Defendant's title came through deeds from these children, but he never obtained any conveyance from the widow. John S. Davis died intestate in the year 1864. His widow died in 1881, leaving,

so far as the records disclosed, her dower interest to vest in her heirs. After plaintiff obtained title, he brought an action against these heirs to quiet his title. They made a defense, but plaintiff was successful. After the action to quiet the title was begun, and claim of title had been interposed by defendants, plaintiff served his grantor with notice to come in and defend. No response was made to this notice by Clark. The present action is to recover the costs and expenses of prosecuting that suit to a favorable decree. Plaintiff had judgment and defendant appeals.—*Reversed.*

*O. C. Brown* and *L. L. Delano* for appellant.

*Ed. T. Hatfield* for appellee.

WATERMAN, J.—There is a dispute between the parties as to whether this case was tried below as an equitable or law action. It is purely a law issue, and appellee insists it was so tried. Without deciding the point, we shall assume the position taken by appellee on this matter to be correct, and will consider only the exception taken to the judgment. It is conceded that this land was the homesteal of John S. Davis, and that after his death, and down to the time of her decease, his widow continued to occupy it, taking no steps to have her dower interest set apart. Nor is there any dispute but that under the rule established by decisions of this court, this occupancy amounted to an election by the widow to take a homestead right, and by this election she lost her dower interest, so that on her death she had no estate in this land which descended to her heirs. It was upon this ground that plaintiff succeeded in his action to quiet title. It is insisted, however, on plaintiff's part, that the evidence of the fact that the widow of John S. Davis had forfeited her dower right did not appear of record, but had to be obtained outside; that the defendants in the action to quiet title were the apparent owners of an interest in the land, and he had a right, at his grantor's expense to remove the cloud. This presents the question whether a covenant of warranty runs

against appearances, or only against substantial defects. In 1 Jones, Real Property, section 893, it is said: "Neither the covenant for quiet enjoyment, nor that of warranty, protects the grantee against adverse claims or suits for which grantor is not responsible, but only against claims and suits based on a legal foundation." Again, the same author, in section 985, says: "If the suit by an adverse claimant is groundless, and results in favor of the title warranted, the purchaser is not entitled to costs and expenses incurred in defending the suit. The grantor does not warrant that no one shall make a claim of adverse title, but only that no one shall make a claim which shall be adjudged valid and paramount to the title conveyed by his deed." In this connection we may call attention to the fact that the warranty we are considering was against the "lawful claims of all persons whomsoever," although this, perhaps, is the legal effect of any general warranty under the Code. While an actual ouster is not necessary, in this state, before an action may be brought for breach of warranty, yet the hostile title asserted must be in fact superior. *Bank v. Hooper,* 77 Iowa, 435; *Eversole v. Early,* 80 Iowa, 601. If the outstanding record title is wholly invalid, it will not amount to a constructive ouster, so as to give a right of action to the grantee. *Semple v. Wharton,* 68 Wis. 626 (32 N. W. Rep. 690). Plaintiff relies principally for support in his position upon two cases from this court: *Yokum v. Thomas,* 15 Iowa, 67, and *Meservey v. Snell,* 94 Iowa, 222. In both of these cases the hostile title was based upon a patent from the government, and, although without equity, it would have prevailed in a court of law. In the last-mentioned of these cases, the general rule is stated that a covenant of warranty does not protect against every unfounded adverse claim, and authorities are cited in support of the proposition. The court, through Robinson, J., then proceeds as follows: "This case and the *Yokum Case* are peculiar, and distinguishable from most others by the fact that the general government, the source from which title emanated, with power in the first in-

stance to determine its grantees, had apparently set aside
all acts and proceedings by which the first title was created,
and had issued muniments of title to another grantee." So,
too, upon similar principles, the same exception is noted in
Jones, Real Property, section 913. It is manifest the cases
upon which plaintiff relies lay down, not a rule, but an ex-
ception to a rule, and that the case at bar does not come
within it.

A number of other matters are discussed by counsel for
appellant, but, as what we have said disposes of the case,
we shall not further notice them.—REVERSED.