FRANK L. SMITH, Appellant, v. MILTON R. KEELEY.

**Conveyances:** BREACH OF COVENANT: RECOVERY BY GRANTEE OF EXPENSES IN DEFENDING TITLE: BURDEN OF PROOF. Where a grantee, threatened with the assertion of a paramount title hostile to that which his deed purports to convey, defeats the same by proof that such a title does not exist, he can not recover from his grantor the expenses incurred by the litigation; but if the hos-

tile title asserted was in fact an outstanding legal title, but un-
enforceable for equitable reasons, he is entitled to recover of
his grantor the reasonable expenses of defending his title; the
burden of proof, however, is upon him to show that the asserted
title which he has extinguished was in fact a valid legal title.

**Same.** In this action it is determined upon demurrer that the peti-
tion disclosed an outstanding legal title to an interest in the prop-
erty involved, which plaintiff was able to defeat only on equit-
able grounds, and therefore states a cause of action for his ex-
penses so incurred.

*Appeal from Clay District Court.*—HON. D. F. COYLE,
Judge.

WEDNESDAY, APRIL 6, 1910.

ACTION to recover damages for breach of convenant
of seisin of real property. A demurrer to plaintiff's peti-
tion was sustained, and, plaintiff electing to stand upon
his petition, judgment was rendered for defendant, from
which plaintiff appeals.—*Reversed.*

*F. F. Faville and R. S. Ludington,* for appellant.

*James De Land,* for appellee.

McCLAIN, J.—Through a chain of conveyances by
warranty deed from the devisee of one James Brewer, the
plaintiff claimed title, and was in possession by himself or
those holding under him by contract, of the tract of land
in controversy, when an action for partition was instituted
against him by one Vespasian Warner, claiming to hold
legal title to an undivided interest in said land to the ex-
tent of fifteen fifty-fourths thereof. This plaintiff, one
of the defendants in the partition suit, notified this de-
fendant, who is his immediate grantor and certain other
remote grantors in the chain of title intervening between
James Brewer's devisees and said defendant to come in

and defend his title against the claims of Warner. This defendant did not appear to make any defense in that action, and the other grantors did not appear and interpose any defense until after considerable expense had been incurred by this plaintiff in making a defense of his title. It is conceded by counsel for defendant that no timely appearance was made by him or his grantors to protect plaintiff's title, and for present purposes it must be assumed that, if plaintiff would in any event and to any extent be entitled as against defendant to recover damages for breach of warranty, the court erred in sustaining the demurrer to plaintiff's petition. In the suit brought by Warner against this plaintiff and other defendants expenses were incurred by way of costs and attorney's fees in the litigation, which plaintiff now seeks to recover from the defendant as his immediate grantor, on the ground that defendant was not seised of a complete legal title at the time of the conveyance to the plaintiff, and the question presented is whether the fact that this plaintiff defending a suit brought against him and others by Warner was successful in maintaining an equitable defense to the legal title asserted by Warner to an undivided interest in the property precludes him from recovering as against defendant the expenses, including costs and attorney's fees, necessarily involved in making such equitable defense.

The allegations of plaintiff's petition with reference to the suit by Warner against him are that, at the time of the execution and delivery of the warranty deed of defendant to him, defendant was not lawfully seised of the legal title by reason of the fact that there was an outstanding legal title to a one-third undivided interest in the land, which said interest was vested in the devisees of one Grace Brewer, the widow of James Brewer, from whom title was derived, that Warner acquired by deed of conveyance the interests of certain of the devisees of said Grace Brewer, and commenced an action for partition; and plain-

tiff sets out by reference the pleadings in the case in which
it was ultimately decided that Warner was not entitled to
partition, and also the opinion of this court in said case on
appeal wherein the decision of the trial court was af-
firmed.  From the recitals in the abstract it appears that,
in the suit of Warner against this plaintiff, it was con-
tended for Warner that Grace Brewer from whose de-
visees said Warner claimed to have acquired by convey-
ance an undivided interest in the property was entitled to
one-third thereof by way of dower; and, on behalf of this
plaintiff as defendant in that action, that, by reason of
laches on the part of said devisees of Grace Brewer, Warner
was not entitled under his conveyances from them to have
any portion of the land set off to him in partition, and
that the court dismissed the petition of Warner, and quieted
the title of the property in this plaintiff as against him.
On Warner's appeal which came to this court under the
title of *Warner v. Hamill,* reported in 134 Iowa, 279 (this
plaintiff being named as a codefendant with Hamill), it
was held that the decree of the lower court was right, and
it was affirmed; the grounds for affirmance stated among
others being that, although Grace Brewer became vested
on the death of her husband with a dower interest in the
land to the extent of one-third thereof which by her will
had passed to her devisees, some of whom had by quitclaim
deeds transferred their respective interests to Warner, such
respective interests had become unenforceable as against
the defendants in the action by reason of· laches, so that
in equity Warner was not entitled to have any portion of
the land set off to him.

The case now presented to us is therefore one wherein it
appears that the grantee in a warranty deed containing the
usual convenants of seisin and right to convey is made
defendant against an assertion of a hostile title to an un-
divided interest in the property and succeeds in defeating
such hostile title, not on the ground that it is not in law

a valid title, but on the ground that he has an equitable de-

1. CONVEYANCES: breach of covenant: recovery by grantee of expenses in defending title: burden of proof.

fense to the assertion thereof as against him. It is conceded as well established by the authorities that a grantee, who being threatened with the assertion of a paramount title hostile to that which his deed purports to convey to him defeats the assertion of such hostile title by proving that it does not exist, can not recover damages against his warrantor on account of the expense involved in defeating such grantor's assertion of legal title. If the warrantor's legal title is in fact perfect, although not apparently perfect of record, he is not liable to his grantee in damages. *Thorne v. Clark* 112 Iowa, 548. And the burden of proof is upon the grantee seeking to recover damages for a breach of warranty to show that the asserted paramount title which he has extinguished was in fact a valid legal title. *Thomas v. Stickle,* 32 Iowa, 71; *Eversole v. Early,* 80 Iowa, 601. On the other hand it is well settled that if the hostile title asserted against the grantee is a legal title in fact outstanding, but for equitable reasons not enforceable against him, he may maintain an action in equity to quiet the title as against such hostile claim, or, when it is asserted against him, interpose an equitable defense thereto, and although he is successful in thus defeating the outstanding legal title, he is nevertheless entitled to recover against his grantor the reasonable expenses involved in quieting his title, or making his equitable defense to the hostile title. *Meservey v. Snell,* 94 Iowa, 222; *Yokum v. Thomas,* 15 Iowa, 67; *Lane v. Fury,* 31 Ohio St. 574; *Pineland Mfg. Co. v. Guardian Trust Co.* (Mo. App.) 122 S. W. 1133; 2 Sutherland, Damages (2d Ed.) section 619.

Counsel for appellee contend that, under the record, it does not appear that Warner had a legal title to an undivided interest in the land. But it is specifically alleged in plaintiff's petition the averments of which are confessed by

the demurrer that the legal title to an undivided one-third

**2. SAME.**

interest in the land was vested in the devisees of Grace Brewer, and that Warner acquired the interests of certain of these devisees by deeds of conveyance. The recitals of the petition as to the record in the action brought by Warner against this plaintiff and others as defendants do not negative the validity of the legal title thus alleged to have been acquired by Warner. So far as appears from the record, the recitals relating to the action brought by Warner in which he was defeated show the assertion by this plaintiff as against him of a purely equitable defense, that of laches on the part of his grantors, such as would prevent them, or Warner claiming under them, from enforcing their legal title as against the defendants in suit. Whatever may have been said in the opinion on the appeal in that case relating to the invalidity of Warner's claim as against the defendant therein was said in relation to the equitable, and not the legal, right of Warner to assert any title. It may be that when the present case is tried on its merits, it will appear that Warner's title was not such as that it could be enforced in law against this plaintiff or his grantees, and, if it shall so appear, then it well may be that this plaintiff is not entitled to recover damages for making defense against such title; but, under the averments of this petition, we can not escape the conclusion that Warner did have an outstanding legal title to an undivided interest which this plaintiff was able to defeat only on equitable grounds available to him, and we therefore reach the conclusion that his petition states a cause of action.

By stipulation of counsel in this court we are referred to the record of the case of *Warner v. Hamill* to determine what was decided in that case, but, as no specific references are made in argument to that record we have not felt called upon to search it for that purpose. We think,

moreover, that the decree in that case in the lower court and the opinion on the appeal to this court are conclusive as to the grounds on which they were rendered.

The judgment is *reversed.*

EVANS, J., dissents.