IRENE POPE, Appellant, v. GEORGE W. COE, Administrator, Appellee.

No. 39597.

JUNE 24, 1929.

*Edward J. Robins* and *William P. Welch,* for appellant.

*Havens & Elston,* for appellee.

DE GRAFF, J.—On the 21st day of September, 1926, one Minnie B. Cormany, a widow (since deceased), sold and conveyed by warranty deed a certain Woodbury County, Iowa, tract of land, comprising 386.74 acres, to Irene Pope. The said deed contained the following covenants:

"And I covenant with said Irene Pope that I hold said premises by good and perfect title, that I have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever, except the $18,000.00 mortgage of record in Book 295 on page 453 of the mortgage records of said county, less whatever amount has been paid on said mortgage indebtedness, and all ditch taxes of record that are not due at this time; and also the general taxes of 1926 against said premises which general taxes of 1926 the grantee herein hereby agrees to pay when due. Said grantee hereby agrees to pay the interest upon said mortgage from this date as same becomes due, and I covenant to warrant and defend the title to the said premises against the lawful claims of all persons whomsoever, except as above stated. It is expressly agreed and understood between the parties hereto that the said Minnie B. Cormany hereby reserves possession of all that part of said premises now in corn and the right to harvest and remove said corn from said premises as her own individual property; and the said grantee is hereby given possession and the right of possession of all of said premises not in corn at this time. Said grantee is to have possession of all of said premises March 1, 1927."

Upon the death of the grantor, Minnie B. Cormany, on May 13, 1927, the appellee, George W. Coe, was appointed admin-

istrator of her estate. On the 4th day of June, 1927, the appellant, Irene Pope, filed her verified claim in said estate, in which she alleged that she was entitled to damages in certain amounts, based on allegations to the effect that she "had been withheld from the possession of any of said land for the crop year of 1927 until it was too late for grantee to farm said lands or make arrangements for lease of same." In plaintiff's petition in the instant case, the plaintiff, Irene Pope, alleged that the administrator (defendant-appellee) failed and neglected to allow this claim as a proper charge against the estate of Minnie B. Cormany, and asked for a hearing on said claim, and to establish the said claim as a proper charge against the estate in question. The defendant administrator answered by general denial, and in addition thereto alleged that, if any person or persons were in possession of said premises, or any part thereof, after plaintiff became such owner, such persons were not in possession and did not claim to be in possession of said premises by virtue of any right acquired from Minnie B. Cormany, the grantor in said deed; that, if the said plaintiff may have been prevented from taking possession of said premises according to the terms of the said deed relied upon by her, Irene Pope, on account of any act, conduct, or omission on the part of said grantor, such facts were known to said Irene Pope at the time she became such owner; that, had she attempted to obtain possession, which was reasonably possible for her to do, she would have greatly reduced and minimized her damages; but that she made no effort to eject the person or persons in possession of said premises, or to have the said Minnie B. Cormany eject said person or persons. Upon the conclusion of the evidence, the defendant administrator moved the court to direct the jury to return a verdict in favor of the defendant, for the following reasons: (1) That the evidence of plaintiff is wholly insufficient to establish her alleged claim; (2) that the plaintiff bases her claim for damages on the alleged breach of covenant of a certain warranty deed (heretofore mentioned), especially the warranty to defend the title to the real estate against the lawful claims of all persons whomsoever; and that there is no evidence offered by plaintiff that the plaintiff was prevented from taking possession of said land because any person or persons made a lawful claim to the said premises under Minnie B. Cormany; (3) that there is no evidence that the said Minnie B. Cormany, by any

act or omission on her part, prevented the plaintiff from having possession of the said real estate, in strict accordance with the terms and provisions of the said warranty deed; (4) that there is no evidence that any person occupied the said real estate under and by virtue of any right or claim derived or claimed to have been derived under said Minnie B. Cormany; (5) that the evidence shows that the plaintiff never at any time requested of the said grantor the possession of or the right of possession of said premises; (6) that there is absolutely no evidence that the plaintiff was prevented from taking possession of the real estate in accordance with the terms of said warranty deed; (7) that the evidence affirmatively shows that Minnie B. Cormany relinquished any and all claim to the possession of said real estate, or right of possession of said real estate, at the time of the signing and delivery of the said deed, and there is no evidence that at any time thereafter she ever claimed or asserted any right, title, or interest in and to said real estate, nor did anyone under her assert any right of ownership to the land.

The court sustained the motion to direct generally. If any ground of the motion for a directed verdict is good, the ruling sustaining the motion must be affirmed. The application of this rule is determinative of this case, for the reason that it may be said that certain grounds of the motion are sustainable. This case presents primarily a question of fact. Did the plaintiff establish a prima-facie case when she rested? There can be no quarrel concerning applicable legal principles herein. It may be conceded that a covenant against incumbrances is broad enough to warrant that there is no mortgage or other lien of any kind upon the property, and that the property is not subject to a valid existing lease. *Scienter* on the part of the covenantee is not material. *Harrison v. Des Moines & Ft. D. R. Co.*, 91 Iowa 114. In an action of covenant, the deed governs, and in such an action by the grantee against the grantor, the latter cannot, in order to defeat the operation of the covenant, establish by parol the grantee's knowledge of an incumbrance or defect in the title, or by parol engraft upon the deed exceptions and reservations not therein mentioned. *Van Wagner v. Van Nostrand*, 19 Iowa 422. See 3 L. R. A. 789, l. c. 792, note.

In the instant case, we are not dealing with a dispute between a landlord and tenant, but between grantor and grantee.

There is a recognized line of demarcation between these two relationships, and a different rule obtains as between these relationships. See *Clark v. Strohbeen*, 190 Iowa 989. The alleged tenant is not a party defendant in the case at bar; and although the covenant entitled the plaintiff to possession and the right of possession, he did not take possession, and permitted a third person, alleged to be the tenant of the grantor, to remove and sell the wheat which was planted at the time of the delivery of the deed by grantor to the grantee. Plaintiff was in position to protect his rights and to prevent the alleged tenant from harvesting the wheat, selling it, and appropriating it to his own use and benefit. The law afforded plaintiff ample remedy as against the acts of the alleged tenant. Sufficient to state that what the alleged tenant did, under the record facts, did not constitute a breach of covenant, under the recitals of the deed in question.

The facts disclose that one Henry Boyd, brother of the grantor, Minnie B. Cormany, planted wheat on 100 acres of the farm, subject to the deed in question, and that the planting was prior to the delivery of the deed in question. No one can successfully contend that whatever was on the land or in the land, belonging to the grantor, would not pass to the grantee, under the deed. A reservation by the grantor was necessary to be expressed in the deed, to preserve to the grantor any rights or property in the land conveyed.

The trouble is that there is no evidence in the record to establish the nature of Boyd's possession, or by what right he claimed or had possession. In order to constitute a breach of warranty, the title or right to which the covenantee yields must be paramount to his own. The mere existence of an outstanding claim or title, even though it may be paramount, will not entitle the covenantee to a recovery in an action for breach of covenant, in the absence of evidence of some hostile assertion of the adverse title. 15 Corpus Juris 1288, Section 157; *Wilson v. Irish*, 62 Iowa 260; *Eversole v. Early*, 80 Iowa 601. There is no competent evidence that plaintiff-grantee ever attempted to take possession of the land, or was prevented from taking possession of the land through hostile assertions of title by anyone. It is well settled that the title or right to which a covenantee yields must be lawful, and paramount to his own, and that there must be some hostile assertion of the adverse title. The testimony of

plaintiff is silent on this proposition. This court will not enter the door of assumption and presumption. The covenant relied upon by plaintiff is against the "lawful claims" only of other persons.

The allegations of plaintiff's claim and petition were met by a general denial. Other pleaded matters by way of defense have now become immaterial. The plaintiff had the burden of proving, in the first instance, the essential allegations of her cause of action. This she failed to do, and the trial court properly sustained defendant's motion for a directed verdict. Wherefore, the judgment entered is—*Affirmed*.

ALBERT, C. J., and STEVENS, FAVILLE, and MORLING, JJ., concur.