[File No. 6402.]

AUGUST P. PETERSON, Appellant, v. S. S. REISHUS and Josephine N. Reishus, Respondents.

(266 N. W. 417, 105 A.L.R. 724.)

Opinion filed April 2, 1936.

*R. E. Swendseid,* for appellant.

*F. F. Wyckoff,* for respondents.

BURKE, Ch. J.   On the fifteenth of October 1926 the defendants conveyed to the plaintiff by warranty deed, containing the usual covenants of warranty, a quarter section of land in Mountrail county, North Dakota.   The plaintiff took actual possession of said land on the fifteenth of October, 1926, and has been in possession ever since.   In 1934 the plaintiff conveyed the said land to his son Torrey Peterson, who made application to the Federal Land Bank for a loan.   The at-

torney for the Federal Land Bank rejected the title because the defendants herein, plaintiff's grantors, held title through two tax deeds issued to the defendant S. S. Reishus in 1925.

After the loan had been turned down on the advice of the attorney for the Federal Land Bank, on the thirty-first of March 1934 said attorney wrote to the defendant Reishus a letter, stating,

"On an examination of the abstract for the purpose of a Federal Land Bank loan, I find that your title is based on a Tax Deed, also quit claim deeds from E. Christine Brauer and E. Christine Brauer as guardian for Carl Fredrick Brauer. Am afraid that the Federal Land Bank will not accept the title, as your title is based on a tax deed and the record does not show that E. Christine Brauer nor Carl Fredrick Brauer had any interest in the land."

(Signed) R. E. Swendseid.

To which the defendant Reishus wrote as follows:

"There should be nothing wrong with the title. The actual owner was Carl Brauer formerly of Minot. After his death the final decree of distribution distributed the property including this land to E. Christine Brauer and their son Carl.

"The deed from Mrs. Brauer to me conveyed such interest through the quit claim deed. The decree as recorded, I am sure, in Mountrail county. If not a copy can be secured from Minot.

"Mr. Wyckoff passed on the title for Mr. Peterson at the time I sold."

(Signed) S. S. Reishus.

Thereafter, and on the second of May 1934, the plaintiff brought an action to quiet title to said land alleging that he is the owner in fee simple, and upon findings of fact and conclusions of law in said action judgment was entered holding that the plaintiff August F. Peterson was at the time of the commencement of said action and is now the absolute owner in fee simple of said land, and that E. Christine Brauer, Mable S. Dock, Lillian C. Brauer, Evelyn F. Brauer, Carl Fredrick Brauer, Herman Wilhelm Brauer, Carl W. Brauer, and all persons unknown claiming any estate or interest in, or lien or incumbrance upon the property described in the complaint, and each and all of them have no right, title, or interest in or to said land and premises or any

part thereof. Thereafter the plaintiff brought this action against the defendants for his costs and expenses in the action to quiet title.

It is stipulated that if the plaintiff is entitled to recover, he is entitled to recover the sum of eighty-five dollars.

There was a jury trial in the district court, and after both parties rested each moved for a directed verdict, and stipulated that the court excuse the jury and findings and conclusions be made by the trial judge. The jury was excused and the trial judge found as facts that there was no breach of warranty; that the plaintiff went into actual possession of said land on the fifteenth of October 1926, and ever since has held the exclusive, undisturbed, and peaceable possession of said land; that S. S. Reishus acquired title to the land by virtue of and through a certain tax deed, dated on the eighteenth day of May 1925, pursuant to a tax sale certificate of sale for delinquent and unpaid taxes on said land, which deed was and is regular on its face, and is the usual form of tax deed, and which deed conveyed to the said S. S. Reishus an absolute fee simple title to the land; that the said S. S. Reishus acquired title to the said land by virtue of and through a certain other tax deed, executed and delivered to the said Reishus for delinquent and unpaid taxes on said land and premises, dated on the eighteenth of May 1925, pursuant to a tax sale certificate of sale held by the said S. S. Reishus, which said tax deed was and is regular on its face and is the usual form of tax deed, and conveyed to the said S. S. Reishus an absolute fee simple title to the said land; that either or both of the said tax deeds were in all things regular and legal, and either or both of them were entirely sufficient to convey to the said S. S. Reishus the fee simple title to the land therein and herein described. The record in the action to quiet title is in evidence and the court in the instant case finds that the findings and conclusions in said action to quiet title state in effect that the said August P. Peterson was the owner in fee simple of said land upon which judgment was duly entered, quieting title to said land in the plaintiff, August P. Peterson. The court held as a conclusion of law that by the execution and delivery of the warranty deed from S. S. Reishus and Josephine Reishus to August P. Peterson the said August P. Peterson became the absolute owner in fee simple of said premises, and the plaintiff has failed to

prove that any of the said covenants in the said warranty deed were broken; and that the plaintiff's action should be dismissed. Upon such findings and conclusions judgment was duly entered, and from which judgment the plaintiff duly appeals.

The only issue involved is, Was there a breach of any of the covenants in the warranty deed?

The only objection urged against the title by the attorney for the Federal Land Bank was against the tax title. The tax deeds introduced in evidence as exhibits one and two are in the regular form required by the statute and are valid on their faces. There are no specific defects in the tax titles pointed out in the complaint, and there is no evidence showing any defect in either one of the tax deeds or the tax records. In his letter of the thirty-first of March 1934 to S. S. Reishus, in reference to the tax deeds, Mr. Swendseid has this to say, namely: "On an examination of the abstract for the purpose of a Federal Land Bank loan, I find that your title is based on a Tax Deed, . . . Am afraid that the Federal Land Bank will not accept the title, . . ."

Mr. Swendseid, testifying at the trial, said: "During the year 1934 I was acting as title examiner for the Federal Land Bank of St. Paul. The abstract of title was delivered to me by August P. Peterson for the purpose of examining it to see whether or not it would be acceptable to the Federal Land Bank for a Federal loan. I examined it. It was not acceptable. The objection raised is that August P. Peterson held title through a warranty deed from S. S. Reishus and Josephine Reishus, and S. S. Reishus and Josephine Reishus held title through County Auditor's tax deeds based on tax certificates purchased by Reishus at a tax sale."

There is simply the general objection that the title conveyed to Peterson by Reishus rested on two tax deeds. In support of his position he cites the following: "Tax titles are to some extent uncertain, and usually depend upon numerous contingencies. The rule of caveat emptor applies with great strictness to the purchaser at a tax sale. . . . It follows from the mandatory character of the statutes governing tax sales that the courts will ordinarily indulge presumptions in favor of the holder of the legal title as against the holder of the tax title."

Thompson, Abstracts & Titles, 2d ed. 863; Bronson, Real Prop. 139. This is a statement of the common law; but even at common law, when there is a strict compliance with the provisions of law under which tax sales are made, the title is good, and there is nothing to show, in the instant case, that there wasn't a strict compliance with all the statutory provisions of the law relating to assessment, taxation, and the sale of real property for taxes.

The last paragraph of the same section on page 867, Thompson, Abstracts & Titles, supra, reads as follows: "Tax titles depend upon a strict compliance with all the provisions of law under which tax sales are made. Such sales have been held invalid for the most insignificant matters, and for this reason they have come to be looked upon with distrust and suspicion. But there is no just ground for such suspicion where the statute has declared such sales to be prima facie valid. If the tax or assessment was authorized by law, was laid or imposed in accordance with the statute, and all the requirements of the law preliminary to the sale and execution of the deed have been complied with, the title of the purchaser is at least the same as that of the person against whom the assessment was made, . . ."

The last paragraph of § 694, page 883, states the rule as follows: "Where the statute makes a tax deed prima facie evidence of the regularity of all the proceedings leading up to and including the execution of the deed, it is necessary for a person attacking the tax title to prove" the defects therein.

"If the tax-deed is made prima facie evidence of the regularity of all the proceedings, and of title in the purchaser, this effects an entire change in the burden of proof, relieving the purchaser thereof and casting it upon the party who would contest the sale. The purchaser is no longer under the necessity of showing the correctness of the proceedings, but the contestant must point out in what particular he claims them to be incorrect." Cooley, Taxn. § 1551, p. 3029; Marx v. Hanthorn, 148 U. S. 172, 37 L. ed. 410, 13 S. Ct. 508; Keely v. Sanders, 99 U. S. 441, 25 L. ed. 327; Sherry v. McKinley, 99 U. S. 496, 25 L. ed. 330; De Treville v. Smalls, 98 U. S. 517, 25 L. ed. 174; Williams v. Kirtland, 13 Wall. 306, 20 L. ed. 683; Pillow v. Roberts, 13 How. 472, 14 L. ed. 228.

Section 2206, Comp. Laws 1913, provides that "a (tax) deed of the land remaining unredeemed, . . . shall vest in the said purchaser, his heirs or assigns, an absolute estate in fee simple in such land, . . . and such deed shall be conclusive evidence of the truth of all the facts therein recited and prima facie evidence of the regularity of all the proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed, . . ." It conveys an absolute estate in fee simple, and is prima facie evidence of the regularity of all the proceedings in the assessment levy and other proceedings prior to the execution of the deed.

In the case of Baird v. Stubbins, 58 N. D. 351, 226 N. W. 529, 65 A.L.R. 1009, it is held that "A valid tax deed clothes the grantee with a new and complete title in the land, under an independent grant from the sovereign authority, which bars and extinguishes all prior titles and incumbrances of private persons whether of record or otherwise."

In the case of Twedt v. Hanson, 58 N. D. 571, 226 N. W. 615, at page 577, this court said: "This deed being prima facie evidence of the regularity of the proceedings we therefore presume that the notice of expiration of redemption was properly served as required by law, and the burden of proof is upon the appellant to show a contrary state of facts. See Baird v. Zahl, 58 N. D. 388, 226 N. W. 549."

In the case of Lauderdale v. Pierce, 27 S. D. 460, 131 N. W. 514, the action was brought by the plaintiff, claiming to be the fee owner, to quiet title to a certain quarter section of land. The defendant claimed under a tax deed to said land. The court said: "It is contended by respondent, the defendant below, that the said tax deed to Blackman is fair and valid on its face, and that none of the jurisdictional steps in the taxing process, on which said deed is based, are shown to be defective, and that by reason thereof the three-year statute of limitations provided by § 2214, Rev. Pol. Code, pleaded by respondent in his answer, prevents a recovery by plaintiff and fully justifies the findings and judgment of the trial court. In this contention we are of the opinion that respondent is right. Precisely the same question is raised and passed upon by this court in Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91, Bandow v. Wolven, 20 S. D. 445, 107

N. W. 204, id., 23 S. D. 124, 120 N. W. 881, and Gibson v. Smith, 24 S. D. 514, 124 N. W. 733, wherein this court has held a tax deed, fair on its face, where none of the jurisdictional requirements are shown to be defective, to pass a fee-simple title to the holder of such tax deed. These decisions designate what are jurisdictional requirements and defects, the lack of which would take a tax deed, although fair on its face, outside the three-year statute of limitations. None of the defects urged by appellant in this case are jurisdictional, within the meaning of the former decisions of this court, and therefore not sufficient to prevent the running of the three-year statute."

Appellant cites and relies upon the case of Smith v. Keeley, 146 Iowa, 660, 125 N. W. 669. A tax title was not involved in that case; but in that case the court held where a grantee, threatened with the assertion of a paramount title hostile to that which his deed purports to convey, defeats the same by proof that such a title does not exist, he cannot recover from his grantor the expenses incurred by the litigation; but if the hostile title asserted was in fact an outstanding legal title, but unenforceable for equitable reasons, he is entitled to recover of his grantor the reasonable expenses of defending his title; the burden of proof, however, is upon him to show that the asserted title which he has extinguished was in fact a valid legal title. The court further said: "It is conceded as well established by the authorities that a grantee, who being threatened with the assertion of a paramount title hostile to that which his deed purports to convey to him defeats the assertion of such hostile title by proving that it does not exist, can not recover damages against his warrantor on account of the expense involved in defeating such grantor's assertion of legal title. If the warrantor's legal title is in fact perfect, although not apparently perfect of record, he is not liable to his grantee in damages. Thorne v. Clark, 112 Iowa, 548, 84 N. W. 701, 84 Am. St. Rep. 356."

That applies to the instant case. Although no one was asserting title to said land the plaintiff brought an action to quiet title and proved that he had a good and perfect title. He got that good and perfect title through the tax deeds, and if they gave him a good and perfect title there couldn't be a breach of warranty in the warranty

deed. Clearly the plaintiff has failed to establish any defect in the title, and the judgment must be and is affirmed.

BURR, NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.