PRESLEY *v.* HAYNES ET AL.

(Division B.   April 4, 1938.)

[180 So. 71.   No. 33149.]

Pat **D. Holcomb**, of Clarksdale, for appellant.

Brewer & Montgomery, of Clarksdale, for appellee.

**Griffith, J.,** delivered the opinion of the court.

In his attachment in chancery, appellant alleged that the principal defendant therein, First Joint Stock Land Bank of New Orleans, had conveyed the lands here involved to C. R. Swindle by warranty deed on December 26, 1933, and that by like warranty deed said Swindle had conveyed the lands to appellant on January 12, 1934; that on April 29, 1937, appellant made a written contract to convey the lands by warranty deed to Henry

T. Allen, and that in accordance with the said contract, abstracts of title were delivered to the attorneys of Allen, who, upon examination thereof, found that the two forfeited tax land patents from the state to a predecessor in title of the land bank, executed in 1887, were void for failure to comply with section 562, Code 1880; that appellant had been put to large expense in procuring a patent by way of quitclaim from the state in order to cure said apparent defect in title, and decree was demanded against the land bank, under its warranty, for said expense.

Under Burroughs Land Co. v. Murphy, 131 Miss. 526, 95 So. 515, and McLemore v. Anderson, 92 Miss. 42, 43 So. 878, 47 So. 801, the two patents were void; but this feature disappears as being of any importance in the instant case, because, under the agreed statement of the facts, as set out in the chancellor's decree, the bank and its predecessors in title had been in the open, peaceable, and continuous possession of the land for more than 45 years prior to the filing of the bill of complaint herein, exercising all ordinary acts of ownership over said land, including the clearing, cultivation, and improvement thereof and paying the taxes assessed thereon. Under such circumstances, and because of such a long lapse of years, it will be presumed that the state has long ago conveyed to the said occupants all its title to the land by a valid patent or patents, other than the invalid patents to which appellant here points. In Caruth v. Gillespie, 109 Miss. 679, 68 So. 927, the presumption against the state of perfect title in the occupant was sustained upon proof of 30 years of such occupancy. This holding was reaffirmed in Leavenworth & Son v. Hunter, 150 Miss. 245, 116 So. 593.

When continuous occupancy, possession, and use of land has been openly held for such a great length of time as shown in this case, the state receiving taxes assessed thereon as if privately owned, the presumption

above mentioned becomes absolute, and the title will be deemed as perfect as if held against private owners for the 10 years prescribed by the adverse possession statute, section 2287, Code 1930, which, under its express terms, gives full and complete title. Since then, the land bank had full and complete title under the admitted facts, it follows that there had been no breach of its warranty.

The covenant of warranty does not extend to claims which possess no legal foundation, 2 Devlin on Real Estate, 3rd Ed., p. 1741, whether of record or not of record, and in consequence a warranty of title to land does not covenant for a perfect record title but only for an actual fee-simple title, that is to say, one free of actual, as distinguished from technical, defects. Hence, a warrantee cannot recover of the warrantor the expense of making the title good of record when it was already actually good by readily available and undisputed facts in pais. Thorne v. Clark, 112 Iowa 548, 84 N. W. 701, 84 Am. St. Rep. 356, and authorities therein cited. A different case might be presented where the facts in pais are unavailable or are involved in doubt or dispute, as was the situation in Union & Planters' Bank v. Corley, 161 Miss. 282, 132 So. 78, 133 So. 232; but here the facts are so free of all this that they were agreed upon, as hereinabove stated.

Affirmed.