[File No. 6746]

LOWER YELLOWSTONE IRRIGATION DISTRICT NUMBER TWO, a Corporation, Respondent, v. ANNA L. NELSON et al.

LUDWIG ROSSOL, Appellant.

(2 NW(2d) 180)

440

Opinion filed December 23, 1941.   Rehearing denied January 15, 1942

*Wm. G. Owens* (*Eugene A. Burdick* of counsel), for appellant.
*C. N. Cottingham,* for respondent.

BURKE, J.   This action was brought by the plaintiff to quiet title to certain described lands located in McKenzie county.   The land in question is a farm unit in the plaintiff irrigation district which had been homesteaded by the defendant Anna L. Nelson under the General Homestead Act of Congress of May 20, 1862 (12 Stat at L 392, chap 75, 43 USCA § 161) and the Reclamation Act of June 17, 1902 (32 Stat at L 388, chap 1093, 43 USCA § 391).

In 1914, Anna L. Nelson submitted proof of compliance and on April 17, 1914, was notified by the Commissioner of the General Land Office that her proofs had been found to be sufficient as to residence, cultivation and improvements required by the original Homestead Act and that a patent would be issued upon proof of her compliance with the additional requirements of the Reclamation Act.   On November 9, 1917, Anna L. Nelson conveyed the land to her granddaughter, Hortence Lien and on December 20, 1939, Hortence Lien now Hortence Nelson conveyed all her right title and interest in said land to the defendant, Ludwig Rossol.   In January, 1940, the defendant, Rossol, filed both deeds with the Commissioner of the General Land Office together with his application for a transfer of the homestead entry under the provisions of the Act of Congress of June 23, 1910, 36 Stat at L 592, chap 357, 43 USCA § 441.   The record does not disclose what disposition, if any, was made of this application.

In 1929 the land was assessed for general taxes by the taxing officers of McKenzie county.   The taxes were not paid and the land was bid in for McKenzie county in December, 1930, at the regular sale of land for delinquent 1929 taxes.   In April, 1937, the plaintiff purchased an assignment of the county's interest in said land and in January, 1938,

after giving notice of the expiration of the period of redemption, obtained a tax deed thereto.

In its complaint plaintiff alleged its ownership of the land; that the defendants claimed an adverse estate or interest therein; that the defendant Rossol had been wrongfully in possession thereof and that the value of the use and occupation of the land from and after the date of plaintiff's deed was the sum of $400. It demanded judgment decreeing that the defendants' claims were null and void; that title to the land be quieted in the plaintiff; that it recover possession of the premises from the defendant, Rossol, and that it recover the sum of $400 from the defendant, Rossol as the value of the use and occupancy of the premises. All of the defendants defaulted except the defendant, Rossol. He filed an answer and cross complaint in which he was joined by Hortence Lien Nelson who appeared voluntarily. In his answer the defendant denied plaintiff's claim of title. In his cross complaint he alleged that he was the successor to all the rights acquired by Anna L. Nelson under her uncanceled homestead and desert-land entry; that he and Hortence Lien Nelson had made improvements upon said farm unit in the aggregate value of $700 in accordance with the requirements of the Reclamation Act; that they had paid to the Reclamation Department of the United States water charges for the irrigation of said land; and that the plaintiff had taken and appropriated to its own use moneys allotted to him and Hortence Lien Nelson under the Agricultural Adjustment Act in the sum of approximately $600. He demanded judgment for the cancelation of plaintiff's deed and for an accounting. The district court gave judgment for the plaintiff. The appeal is from the judgment and the case is here for a trial de novo.

The principal issue in the case is whether or not the land in question was subject to taxation under the laws and the Constitution of the state of North Dakota. At the outset we think it well to state certain propositions to which all parties agree. 1. Both the Constitution (§ 176) and the statutes (§ 2078, Supplement to Compiled Laws of 1913) of the state of North Dakota exempt property of the United States from taxation. 2. Prior to the adoption of the Act of April 21, 1928 (45 Stat at L 439, chap 394, 43 USCA § 455a) public lands with respect to which a desert-land entryman had fulfilled the requirements of the

original homestead act and had completed proof thereof, but had not fulfilled the requirements of the Reclamation Act, were lands to which the United States held both the legal and equitable title and were exempt from state taxation under the laws of the United States. Irwin v. Wright, 258 US 219, 66 L ed 573, 42 S Ct 293.  3. The Act of April 21, 1928 (45 Stat at L 439, chap 394, 43 USCA § 455a) granted to the states the right to tax "the land of any desert-land entryman obtaining water from an irrigation project and for whose land water had actually been available for a period of four years."

The defendant, Rossol, concedes that the state had a permissive right to tax the land here in suit under the Act of April 21, 1928, but he asserts the permission granted by Congress was a permission to tax lands of the United States and therefore one which the state of North Dakota might not take advantage of under its own Constitution and statutes and that plaintiff's deed, being founded upon a void tax, is itself void.

The argument is ingenious but it overlooks the fact that the Act of 1928, which granted permission to tax might also have operated to vest an actual taxable interest in land in the entryman before he had completed all of the requirements which could entitle him to a patent. It is true, as defendants point out, that in Irwin v. Wright, supra, the Supreme Court of the United States said, that the land of an entryman is not subject to state taxes until he has acquired an equitable title thereto.  This conclusion, however, was derived out of a construction of the Reclamation Act as it read at the time the decision was rendered and the language of the court cannot be construed to mean that Congress might not amend the Reclamation Act in such a manner that it would vest a taxable interest in an entryman before he had acquired a completed equitable title.  Indeed we think that is exactly what the 1928 Act did.  Section 3, chap 394 of the act (45 Stat at L 439) as amended June 13, 1930, chap 477 (46 Stat at L 581, 43 USCA § 455b, is as follows: "All such taxes legally assessed shall be a lien upon the lands and may be enforced upon said lands by the sale thereof in the same manner and under the same proceeding whereby said taxes are enforced against lands held under private ownership; but the title or interest which the state or political subdivision thereof may convey by

tax sale, tax deed, or as a result of any tax proceeding shall be subject to a prior lien reserved to the United States for all due and unpaid instalments on the appraised purchase price of such lands and for all the unpaid charges authorized by law whether accrued or otherwise."

This section clearly recognizes a title or interest in the entryman. The interest is such that it may be sold by the taxing authorities and conveyed by tax deed subject to a prior lien reserved to the United States.

This statute also expressly provides that the interest of the United States in such lands shall not be subject to the tax. It is thus clear that the tax which is challenged in this case was a tax upon the property of the entryman in the described lands and not on the property of the United States.

We think that this interest of the entryman is taxable as real property under the laws of North Dakota. Under the provisions of § 2075, Comp. Laws 1913, "All real and personal property . . . is subject to taxation. . . ." And under the provisions of § 5249, Comp Laws 1913, "that which is incidental or appurtenant to the land" is real property. The contentions of the defendant are therefore without merit and the judgment of the district court is affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON, and MORRIS, JJ., concur.

BURKE, J. (on petition for rehearing). In a petition for rehearing filed in this case appellant contends: 1. That the right of a desert-land entryman to the use and enjoyment of lands to which the United states owns the fee title is not real property nor taxable as such under North Dakota Statutes; 2. That if this right is taxable as real property the assessment thereof was void for the reason that at the time of the assessment the county auditor had failed to give the notice required by § 2304a2 Supplement to the Compiled Laws of 1913. Neither of these contentions was presented in the oral argument or in the brief which appellant filed in the case in this court. Since we have held that the interest of the entryman is taxable and since appellant now takes issue with that holding we think it proper to amplify what we said upon that question in the original opinion.

In the opinion heretofore filed, we said that the right of the entry-

man to the possession, use and the fruits of the land was real property under the provisions of § 5249, Compiled Laws 1913, which declares that real property includes "that which is incidental or appurtenant to land. Appellant urges that we overlooked § 5252, Compiled Laws 1913 which he states clarifies and limits the meaning of the phrase "incidental or appurtenant to land" as used in § 5249 so that it includes only easements. It is, however, unnecessary for us to resolve this question as there is a more direct route to the result we have announced.

Section 2076, Compiled Laws 1913 provides: "Real property, for the purpose of taxation, includes the land itself, whether laid out in town lots or otherwise, and, except as otherwise provided, all buildings structures and improvements (except plowing and trees thereon) and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries in or under the same." This section expressly subjects rights and privileges appertaining to real property to taxation as such. But, appellant says they may not be taxed separately but only as an adjunct to the land to which they appertain. The question as to whether or not rights or privileges, held by persons who are not exempt from taxation, in real property the fee title to which is held by one who is exempt from taxation, are taxable as real property was fully and carefully considered in the case of Otter Tail Power Co. v. Degnan, 64 ND 413, 252 NW 619. In that case we held that the Otter Tail Power Company's right to the use of the tax exempt property of the city of Devils Lake was taxable as real property under the provisions of § 2076, supra. It follows that the rights and privileges in land held by the appellant in this case are taxable as real property. But appellant says that while the result in the decision is correct, the court's construction of § 2076, supra, is incorrect and the result should have been reached by a construction of § 2118, Compiled Laws of 1913. It may be that the decision could have rested upon a construction of § 2118, supra, but nevertheless we did construe § 2076 and that construction has been the settled law of this state since 1935. We think the reasoning of the decision in this case is sound and amply supported by cited authority and we therefore adhere to it.

The second proposition contended for in the petition, viz.: that the

assessment of the tax was void because the county auditor failed to give the notice required by § 2304a2 Supplement to Compiled Laws 1913, must of course rest in the first instance upon proof that the required notice was not given. There is no such proof. It is true as appellant claims that the record of the tax proceedings which is in evidence does not show affirmatively that the notice was given but this is not sufficient. A tax deed is prima facie evidence of the regularity of all proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed. Comp Laws 1913, § 2206. The presumption is that the county auditor gave all the notices required by statute and this presumption can only be overcome by direct evidence that such notices were not given. Twedt v. Hanson, 58 ND 571, 226 NW 615; Peterson v. Reishus, 66 ND 436, 266 NW 417, 105 ALR 724. See also Fisher v. Betts, 12 ND 197, 96 NW 132; Pine Tree Lumber Co. v. Fargo, 12 ND 360, 96 NW 357; Anderson v. Roberts, ante, 345, 1 NW(2d) 338.

The petition for a rehearing is therefore denied.

BURR, Ch. J., and NUESSLE, CHRISTIANSON, and MORRIS, JJ., concur.