HUGH EGGERS, Appellee, v. JAMES L. MITCHEM et ux., Appellants; M. J. DOLAN et al., cross-defendants, Appellees.

No. 47481.

(Reported in 38 N. W. 2d 591)

1200

August 5, 1949.

Rehearing Denied September 23, 1949.

Dickinson & Dickinson, of Des Moines, for appellants.

Holliday & Myers, of Des Moines, for M. J. Dolan and Frances B. Dolan, cross-defendants, appellees.

Wisdom & Wisdom, of Des Moines, for Margaret F. Wilson and Bert E. Wilson, cross-defendants, appellees.

George F. Brooks, of Des Moines, for plaintiff.

Hays, C. J.—This is an action to recover the expense of attorney fees incurred in a suit brought by an adjoining landowner to establish a boundary line by acquiescence, under chapter 650, Code of 1946. In that action the petition was dismissed by the trial court and affirmed on appeal. Eggers v. Mitchem, 239 Iowa 1211, 34 N. W. 2d 603. This suit is based upon an alleged breach of covenants of warranty of title and the defend-

ants are predecessors of title. The trial court dismissed the petition of cross-petitioners and they appeal.

Appellants took title to the real estate in question in 1945 from appellee Wilson. Wilson took title from appellee Dolan the same year. Both conveyances were by warranty deed and each contained the following covenants: "And we hereby covenant with the said [grantees] that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear from all liens and encumbrances whatsoever. And we covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever."

Appellants' real estate adjoined that owned by Eggers, plaintiff in the original suit. For many years prior to and at the time of the conveyances in question the fence between the two farms followed a small creek that crossed the boundary line, thus adding two acres to the Eggers farm. The government survey line was well-defined and known to all parties, and in 1947 appellants erected their fence upon the survey line, thereby restoring the two acres. Eggers brought suit against appellants, claiming the true boundary to be along the creek, as fenced for many years, with the result above stated.

The sole question involved on this appeal is: Does the above mentioned litigation constitute a breach of the covenant of warranty such as to entitle a recovery of costs and attorney fees, being expenses incurred by appellants in defending the suit?

 The law appears to be well settled on this question. It is generally recognized that an eviction is necessary to constitute a breach of warranty of title or for quiet enjoyment. Rawle on Covenants for Title, Fifth Ed., section 96; 14 Am. Jur., Covenants, Conditions and Restrictions, sections 69, 90; McNair v. Sockriter, 199 Iowa 1176, 201 N. W. 102. But there need not be an actual expulsion of the grantee. A constructive eviction is sufficient. Funk v. Cresswell, 5 (Clarke) Iowa 62; Eversole v. Early, 80 Iowa 601, 44 N. W. 897; 21 C. J. S., Covenants, sections 96, 108, 112; 14 Am. Jur., Covenants, Conditions and Restrictions, section 72. It is also well-established that in cases of a constructive eviction, *all presuppose* that the acts of dis-

turbance are caused by persons in whose favor there is the *lawful or paramount title* which may defeat the estate granted. Pope v. Coe, 208 Iowa 759, 225 N. W. 939; 21 C. J. S., Covenants, section 111; annotation 172 A. L. R. 26, 27. A paramount title is one which prevails in an action or is successfully asserted. Thus a covenant of warranty is not violated by the existence of an outstanding, but unfounded, claim upon the property. Peters v. Bowman, 98 U. S. 56, 25 L. Ed. 91; Thorne v. Clark, 112 Iowa 548, 84 N. W. 701, 84 Am. St. Rep. 356; Smith v. Keeley, 146 Iowa 660, 125 N. W. 669; annotation 105 A. L. R. 729.

Appellants in their brief and argument fail to recognize the full import of the requirement that the eviction must be under a paramount title. They contend that the expense incurred in defending the suit is just as real, though won, as it would be if it had been lost. Conceding this to be true, nevertheless the liability of the appellees, covenantors, depends, not on whether expense has been incurred but whether there has been a breach of the covenant.

The burden of proof rests upon the appellants to show such a breach, that is, an eviction, real or constructive, based upon a paramount title. Frankel v. Blank, 205 Iowa 1, 213 N. W. 597. The record shows a constructive eviction but fails to show the same to be predicated upon a legal or paramount title. In fact it clearly shows that the Eggers claim was entirely unfounded and not within the purview of the covenants sued upon in this case.

There being no error, the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.