STONE, Judge.
The grantors of a parcel of real property appeal a judgment awarding fees and costs incurred by their grantee in defending an attack on the title. We affirm.
The Jablonskis sold the property in question to Buckeye. Guardian was the mortgagee. All of the parties were sued by the estate of a remote grantor, claiming title to the property on several theories of liability. Buckeye and Guardian cross-claimed against the Jablonskis on their warranty of title[1], and recovered their costs and fees notwithstanding that they were successful in defending the title against the plaintiffs.
Had the plaintiffs prevailed on counts alleging the title was void, it is undisputed that the Jablonskis would be obligated on the warranty for defense costs. Hazelett v. Woodruff, 150 Mo. 534, 51 S.W. 1048 (1899). However, the plaintiffs recovered a verdict only on a count alleging undue influence. As a result, the title conveyed was voidable but not void.
The appellees filed affirmative equitable defenses to the complaint which entitled them to prevail against a claim based only on a voidable deed. Therefore, following the verdict, the trial court entered judgment against the plaintiffs and in favor of appellees. See Smith v. Keeley, 146 Iowa 660, 125 N.W. 669 (1910).
Under its covenant in the deed to Buckeye, appellants have a duty to defend the title against lawful claims. Simonton v. Taylor, 306 S.W.2d 775 (Tex.Ct.App.1957). Nevertheless, as a general rule a grantee may not recover fees and costs against the grantor on a warranty of title where the title has been successfully defended by the grantee. Kendall v. Lowther, 356 N.W.2d 181 (Iowa 1984). But see Smith v. Keeley, 146 Iowa 660, 125 N.W. 669 (1910). In other words, the plaintiffs generally must be entitled to prevail before the grantee will be allowed to recover defense costs on the grantor’s warranty.
However, we can discern no rational basis for concluding that a covenant of title has not been breached where there is a verdict recognizing that the third party has a real interest in the title predating the warranty subject only to equitable defenses.[2] See St. Paul Title Ins. Corp. v. Owen, 452 So.2d 482 (Ala.1984). The plaintiffs’ interest in this voidable title was lawful, subject to being defeated only if appellees prevail on an affirmative defense. It cannot be reasonably argued here that the plaintiffs’ claim was spurious, invalid, unlawful, unenforceable, or similarly infirm.
Therefore, the judgment is affirmed.
GLICKSTEIN, C.J. and FARMER, J., concur.

. Here, the defenses raised were equitable estop-pel, laches, and that Buckeye was a bona fide purchaser for value without notice.

. The deed from appellants to Buckeye contained the following provision:
The Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple: that the Grantor has good right and lawful authority to sell and convey said land; that the Grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever, and that land is free from all encumbrances, except taxes accruing subsequent to December 31, 1986.