National Bank of Decatur, Executor of Last Will of William S. Ridgly, Deceased, Appellant, v. Cecil M. Jack, Appellee.

## Gen. No. 9,543.

Opinion filed March 12, 1948. Rehearing denied May 4, 1948. Released for publication May 5, 1948.

Monroe, Allen & McGaughey, of Decatur, for appellant.

McMillen & Garman, of Decatur, for appellee.

Mr. Justice Hayes delivered the opinion of the court.

William S. Ridgly filed suit in the circuit court of Macon county, Illinois against Cecil M. Jack for damages resulting from an alleged breach of covenants of warranty in a warranty deed from Jack to Ridgly. The original complaint was dismissed on defendant's motion to strike. Thereafter an amended complaint was filed which was likewise stricken on defendant's motion. Plaintiff has appealed to this court.

While this appeal was pending, William S. Ridgly died. His death has been suggested, and there has been substituted as plaintiff appellant the National Bank of Decatur, executor of the last will of William S. Ridgly, deceased.

The amended complaint contains four counts. Count I alleges the conveyance of certain real estate in the City of Decatur by Jack to Ridgly; that the conveyance was by statutory warranty deed; that by virtue of the deed and the statute, defendant covenanted that "at the time of making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple . . ."; that after the execution and delivery of said deed Laura V. Davis and Helen H. Anderson filed suit in equity to redeem certain real estate from a mortgage, a copy of which was attached to the complaint as an exhibit; that plaintiff was made a defendant with Jack in this equity proceedings; that Jack failed to answer for and defend the interest of Ridgly, and that Ridgly was forced to employ counsel and defend his title; that at the time of Jack's conveyance to Ridgly, "Laura V. Davis and Helen H. Anderson held and owned a right to redeem said real estate from said Cecil M. Jack;" and that the latter was guilty of a breach of the covenant of seisin above described.

Count II re-alleged the conveyance of Jack to Ridgly and the covenant of seisin therein and stated further

that "Laura V. Davis and Helen H. Anderson, then and there held and owned a right to redeem said real estate as mortgagors," under the mortgage described in Count I, an extension agreement, a warranty deed to John M. Irish and a declaration of trust executed by Irish, copies of all of which documents were attached to the complaint as exhibits. Count II then realleged the suit in equity against Ridgly and Jack; the necessity of a defense thereto by Ridgly and the breach of Jack's covenant of seisin.

Counts III and IV of the complaint are similar to Count II except that Count III alleges a breach of covenant against encumbrances while Count IV alleges a breach of a covenant to defend the grantor's title. All four counts allege that Ridgly expended $2,500 for attorney's fees and expenses in order to defend his title and all counts contain a prayer for damages in the sum of $5,000.

Defendant Jack's motion to strike charged that the amended complaint merely alleged that plaintiff "was made a party to an action in which he did defend, which is wholly insufficient in law to show any liability" on the part of Jack; and that it fails to allege that Ridgly "had in any manner been ousted, evicted or disturbed in the peaceable possession of his property."

Where a grantee has suffered an ouster, the liability of his grantor on covenants of warranty includes liability for attorney fees and costs incurred by the grantee in maintaining an unsuccessful defense. *Harding v. Larkin*, 41 Ill. 413. Generally, where a grantee successfully defends his title against outstanding claims, the grantor is not liable on his covenants of warranty for expenses incurred by the grantee in asserting a defense. *Peterson v. Reishus*, 66 N. D. 436, 266 N. W. 417, 105 A. L. R. 724, and note appended thereto. However, where an adverse claimant asserts

a claim which has a legal though not an equitable foundation the grantee may recover on the applicable covenants of warranty the expenses necessarily incurred in asserting his equitable defense. See cases collected in note, 105 A. L. R. 729. The issue here is whether plaintiff's amended complaint alleges facts that support a cause of action within this last rule.

■ A reading of the amended complaint and all the exhibits attached thereto discloses that Laura V. Davis and Helen H. Anderson and others, at one time mortgaged the premises now owned by Ridgly; that the maturity date of the rate secured by mortgage was extended; that title to the property was later conveyed to one Irish who executed a deed of trust binding himself to sell the property and to pay the mortgage and other debts of the mortgagors; and that Mrs. Davis and Mrs. Anderson filed a bill in equity to redeem from their mortgage. No facts are alleged however which disclose that the mortgagors had a right to redeem. Plaintiff merely alleges that they had such right which is nothing more than his conclusion. The events that occurred subsequent to the execution and delivery of the documents attached to the complaint may have given the mortgagor such a right, but such facts cannot be assumed.

The circuit court properly sustained defendant's motion to strike the amended complaint. The judgment of the circuit court of Macon county is affirmed.

*Judgment affirmed.*