Charles KEILBACH, Appellant–Defendant,

v.

Dorothea McCULLOUGH, Appellee–Plaintiff.

No. 53A01–9605–CV–157.

Court of Appeals of Indiana.

Aug. 26, 1996.

Andrew C. Mallor, Kendra Gowdy Gjerdingen, Mallor Clendening Grodner & Bohrer, Bloomington, for Appellant–Defendant.

James M. Secrest, James M. Secrest, P.C., Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Today we revisit this court's decision in *Rieddle v. Buckner,* 629 N.E.2d 860 (Ind.Ct. App.1994), in which we held that a grantee who was unsuccessful in defending his land from an adverse possessor could recover from the grantor reasonable attorney fees and expenses incurred in defending his title. Appellant-defendant Charles Keilbach contends that the trial court erred in interpreting *Rieddle* to allow appellee-plaintiff Dorothea McCullough, who was successful in her quiet title action, to recover her attorney fees and expenses from him.

### FACTS

Pursuant to a real estate contract dated December 19, 1978, and a warranty deed dated May 18, 1987, McCullough purchased approximately 120 acres of real estate from Keilbach. The real estate included a seven acre tract of land adjacent to property owned by Sid D. Martin. During 1993, when McCullough began attempting to sell her land, Martin recorded two affidavits in the Monroe County Recorder's office which provided that he was the owner of the seven acres as the result of his adverse possession of the land. Martin also approached a realtor representing McCullough and informed the realtor, while brandishing a firearm, that he owned the seven acres. In response to Martin's actions, McCullough filed a complaint to quiet title to the seven acres and for slander of title against Martin. Additionally, McCullough sought damages from Keilbach and from Lawyers Title Insurance Corporation, which had issued a title insurance policy to McCullough for the seven acres, for breach of their warranties of title and for their failure to defend her claim against Martin. Following a bench trial on November

21, 1994, the trial court entered its final judgment quieting title to the seven acres in McCullough. Further, the trial court found Martin liable to McCullough for slander of title and both Lawyers Title and Keilbach liable for breach of their warranties of title. With respect to Keilbach, the trial court specifically found:

> 12.4. Keilbach, in accordance with *Rieddle v. Buckner,* supra, breached his warranty deed when he refused to defend McCullough's title when challenged by Martin.
>
> 12.5. McCullough, in accordance with *Rieddle v. Buckner,* supra, is entitled to damages against Keilbach for the reasonable costs of her attorney fees and other expenses associated with the defense of her title.

Record at 83–84. As a result, the trial court found Martin, Lawyers Title and Keilbach jointly and severally liable to McCullough for damages and attorney fees. Keilbach now appeals.[1]

### DISCUSSION AND DECISION

Keilbach contends that the trial court erred as a matter of law in finding that he breached his warranty of title and in holding him liable for McCullough's attorney fees and expenses in quieting her title. Specifically, Keilbach argues that because McCullough was successful in quieting her title, he did not breach his warranty.

Keilbach transferred his property to McCullough pursuant to a warranty deed. A transferor, by means of a warranty deed, guarantees that the real estate is free from all encumbrances and that he will warrant and defend the title to the land against all lawful claims. *Rieddle,* 629 N.E.2d at 864. In the instant case, McCullough initiated the proceedings against Martin to quiet her title and, in a literal sense, she was not "defending" her title.[2] However, Martin's affidavits

---

1. Martin and Lawyers Title have not challenged the trial court's judgment against them and are not appellants in this cause.

2. As part of those proceedings, McCullough also initiated an action against Martin for slander of title, for which McCullough was awarded her attorney fees expended in quieting her title. Although Martin has not challenged the trial court's judgment against him, we note that this award runs contrary to the American rule, which provides that parties to litigation are required to pay their own attorney fees absent a statute or

and actions forced McCullough to file her quiet title action and, in effect, required her to defend her title. Thus, we shall address whether Keilbach could be held liable, pursuant to *Rieddle,* for McCullough's attorney fees.

 In *Rieddle,* this court held that a grantor, whose grantee was unsuccessful in defending her property against a claim of adverse possession, had breached his warranty of title to the grantee. *Id.* As a result, we found that the grantee was entitled to reasonable attorney fees and expenses incurred in defending her title. *Id.* at 865. According to Keilbach, the trial court erred in finding that *Rieddle* also stands for the proposition that a grantee can recover attorney fees and expenses in the successful defense of her title. We agree.

When a grantee successfully defends her title, the grantor has not breached his warranty of title and, therefore, cannot be held liable for expenses incurred in defending the title. We decline to extend the holding in *Rieddle* beyond situations in which a grantee is unsuccessful in defending her title. As a result, we must reverse the trial court's judgment against Keilbach for breach of his warranty of title and remand with instructions for the court to vacate the portion of its judgment holding Keilbach liable for McCullough's attorney fees and expenses.

Judgment reversed in part and remanded for proceedings not inconsistent with this opinion.

NAJAM and HOFFMAN, JJ., concur.

agreement providing otherwise. *Greensburg Local No. 761 v. Robbins,* 549 N.E.2d 79, 80 (Ind. Ct.App.1990), *trans. denied.* Nevertheless, we approve of the trial court's use of attorney fees as the proper measure of damages for a person whose title to property has been slandered.