McCAUSEY v OLIVER

Docket No. 230079. Submitted September 5, 2002, at Lansing. Decided November 5, 2002, at 9:00 A.M.

Plaintiffs Marie A. McCausey and others brought an action in the Eaton Circuit Court against Bailey L. and Delores J. Oliver, to quiet title to real property that the plaintiffs claimed by adverse possession. The Olivers then filed a third-party complaint against Bruce L. and Michelle D. Ireland, who sold the property, by warranty deed, to the Olivers, claiming that the Irelands were required to appear and defend their title. The Irelands, on the same grounds, then filed a third-party complaint against Rosetta L. Walker, who sold the property, by warranty deed, to the Irelands. The court, Calvin E. Osterhaven, J., granted the Olivers' motion for summary dismissal with regard to the plaintiffs' action, finding that the plaintiffs failed to establish their claim alleging adverse possession. The court thereafter ordered Walker to pay the costs and attorney fees of the Irelands and the Olivers. On reconsideration, the court ordered that each party was responsible for their own costs and attorney fees because Walker did not breach the warranty deed since the plaintiffs' adverse possession claim had failed. The Olivers appealed.

The Court of Appeals *held*:

Under MCL 565.151, a conveyance by warranty deed is deemed to include the usual covenants of title, including the covenant of seisin and of good right to convey, the covenant of quiet enjoyment, the covenant against encumbrances, and the covenant to warrant and defend the title; the covenant of warranty is not a warranty of the indefeasibility of the title and it does not warrant against every adverse claim; rather, it is a covenant against eviction and is not breached until there is an actual or constructive eviction under a paramount title. The covenant to warrant and defend the title is not actionable until it has been breached. Here, the plaintiffs' action was not a "lawful claim" triggering the Irelands' duty to warrant and defend the title against all "lawful claims," pursuant to MCL 565.151, because the plaintiffs did not have a paramount title and the Olivers were not evicted.

Affirmed.

PROPERTY — REAL PROPERTY — WARRANTY DEEDS.

> A conveyance by warranty deed is deemed to include the covenant to warrant and defend the title against all lawful claims; the covenant does not warrant against every adverse claim; rather, it is a covenant against eviction that is not breached until there is an actual or constructive eviction under a paramont title; the covenant is not actionable until it has been breached (MCL 565.151).

*Amir A. Mahjoory* for Rosetta L. Walker.

*David M. Clark* for Bailey L. and Delores J. Oliver.

Before: MARKEY, P.J., and CAVANAGH and R. P. GRIFFIN*, JJ.

PER CURIAM. Defendants/third-party plaintiffs Bailey L. and Delores J. Oliver appeal as of right from the trial court's order denying their request for costs and attorney fees after they successfully defended against an action to quiet title to property the Olivers purchased by warranty deed, MCL 565.151, from third-party defendants/third-party plaintiffs Bruce L. and Michelle D. Ireland. We affirm.

Third-party defendant Rosetta L. Walker sold a piece of real property, by warranty deed, to the Irelands. About a year later, the Irelands sold the property, by warranty deed, to the Olivers. Shortly thereafter, plaintiffs Marie A. McCausey, Mary Grace Granado, and Linda Smith-Casanova filed an action against the Olivers to quiet title to a portion of the property, which they claimed by adverse possession. The Olivers then filed a third-party complaint against the Irelands claiming that the Irelands were required to appear and defend the Olivers' title. On the same

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

grounds, the Irelands filed a third-party complaint against Walker.

Subsequently, the Olivers' motion for summary dismissal regarding plaintiffs' action was granted by the trial court, which found that plaintiffs failed to establish their adverse possession claim. Thereafter, pursuant to MCL 565.151, the court ordered Walker to pay the costs and attorney fees incurred by both the Irelands and the Olivers in defending the warranty deeds issued on the property. However, on Walker's motion for reconsideration, the court reversed itself and ordered that each party was responsible for their own costs and attorney fees because Walker did not breach the warranty deed since plaintiffs' claim of adverse possession failed. The Olivers appeal.

The Olivers argue that, pursuant to MCL 565.151, they were entitled to recover from the Irelands, the grantors of their warranty deed, the costs and attorney fees they incurred in successfully defending title to the property. We disagree. We consider de novo issues of statutory interpretation as a question of law. *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996).

In Michigan, attorney fees are not recoverable as costs or damages unless expressly authorized by a statute, court rule, or recognized common-law exception. See *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999); *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994); *In re Complaint of Southfield Against Ameritech Michigan*, 235 Mich App 523, 533-534; 599 NW2d 760 (1999). Here, the Olivers claim that MCL 565.151 required the Irelands to defend the title conveyed to them and, thus, authorized the Olivers' recovery of attorney fees and

costs. MCL 565.151 provides that a title by warranty deed

> shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims.

In particular, the Olivers rely on the clause "he will warrant and defend the title to the same against all lawful claims" to support their argument that the grantor of a warranty deed must defend the grantee against any challenges to the title, regardless of merit.

We turn to the rules of statutory construction to determine whether the Olivers' position has merit. First, we consider the specific language of the statute to determine the intent of the Legislature. *Charboneau v Beverly Enterprises, Inc*, 244 Mich App 33, 40; 625 NW2d 75 (2000). If the plain and ordinary meaning of the language is clear, judicial construction is normally not permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). When the Legislature does not define a word or phrase in a statute, the common, ordinary meaning of the word or phrase applies and a dictionary may be consulted. MCL 8.3a; *Stanton v Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002).

Here, the critical inquiry is the meaning of the phrase "lawful claims." The Olivers argue that the phrase should be interpreted as including all legal actions. The Irelands urge us to construe the phrase as including only those legal actions that are success-

ful. Because the statute does not define the terms, we look to the dictionary for the appropriate definitions. As provided in *Random House Webster's College Dictionary* (1997), the relevant definitions for the term "lawful" include "sanctioned by law; legitimate" and "appointed or recognized by law; legally qualified." The relevant definitions for the term "claim" include "to demand by or as if by virtue of a right; demand as a right or as due" and "a right to claim or demand; a just title to something." *Id.*

Review of dictionary definitions does not end our inquiry. We also consider the subject matter of the law and the context in which the phrase is used. See *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998), quoting *People ex rel Twitchell v Blodgett*, 13 Mich 127, 167 (1865); *Bio-Magnetic Resonance, Inc v Dep't of Pub Health*, 234 Mich App 225, 230; 593 NW2d 641 (1999). Here, under MCL 565.151, a conveyance by warranty deed is deemed to include the usual covenants of title, including the covenant of seisin and of good right to convey, the covenant of quiet enjoyment, the covenant against encumbrances, and the covenant to warrant and defend the title. See 20 Am Jur 2d, Covenants, § 46, p 504. At issue in this case is the covenant to warrant and defend the title.

> The covenant of warranty is an agreement by the grantor that upon the failure of the title which the deed purports to convey, he will make compensation in money for the loss sustained. It is an assurance or guarantee of title, or an agreement or assurance by the grantor of an estate that the grantee and his heirs and assigns shall enjoy it without interruption by virtue of a paramount title, and that they shall not, by force of a paramount title, be evicted from the land or deprived of its possession. [*Id.*, § 48, pp 505-506.]

Accordingly, the covenant of warranty is not a warranty of the indefeasibility of the title and it does not warrant against every adverse claim; rather, it is a covenant against eviction and is not breached until there is an eviction, actual or constructive, under a paramount title. See 7 Thompson, Real Property (1962 Replacement), § 3189, pp 332-333. Therefore, the covenant is not actionable until it has been breached. In other words, the grantor of the warranty deed is not liable unless and until the grantee is evicted from the premises as a result of a paramount title. See, e.g., *Simons v Diamond Match Co*, 159 Mich 241, 248-249; 123 NW 1132 (1909); *Seitz v People's Sav Bank*, 140 Mich 106, 110; 103 NW 545 (1905); *Jennings v Sheldon*, 44 Mich 92; 6 NW 96 (1880).

A reasonable construction of the phrase "lawful claims," then, considering the applicable subject matter and context, is that they are demands that are recognized by law as supported by a rightful, and superior, interest, i.e., a demand that resulted in the grantee being evicted from the premises conveyed by warranty deed. Therefore, the grantor must warrant and defend the title to the property if an adverse ownership interest divests the grantee of the property conveyed by the warranty deed, thereby resulting in a breach of the covenant of warranty. We note that our holding finds support in other jurisdictions that have considered the issue whether a grantee is entitled to recover costs and attorney fees from the grantor after successfully defending title to the property conveyed by warranty deed. See, e.g., *Keilbach v McCullough*, 669 NE2d 1052 (Ind App, 1996); *Omega Chem Co, Inc v Rogers*, 246 Neb 935, 944; 524 NW2d 330 (1994); *Jablonski v Buckeye Dev Corp*, 597 So 2d 905, 906

(Fla App, 1992); *Bridges v Heimburger*, 360 So 2d 929, 932 (Miss, 1978); *A C Drinkwater, Jr, Farms, Inc v Ellot H Raffety Farms, Inc*, 495 SW2d 450, 457 (Mo App, 1973); *Elliott v Elliott*, 252 Ark 966, 972-973; 482 SW2d 123 (1972); *Simonton v Taylor*, 306 SW2d 775, 779 (Tex Civ App, 1957); *Eggers v Mitchem*, 240 Iowa 1199, 1201-1202; 38 NW2d 591 (1949); *Nat'l Bank of Decatur v Jack*, 334 Ill App 186, 188; 78 NE2d 805 (1948).

In this case, plaintiffs brought an adverse possession claim, challenging title to the property conveyed by the Irelands to the Olivers. Plaintiffs' action was not a "lawful claim," triggering the Irelands' duty to "warrant and defend the title" pursuant to MCL 565.151, because the demand was not recognized by law as supported by a rightful, and superior, interest. There was not a breach of the covenant of warranty because plaintiffs did not have a paramount title and the Olivers were not evicted. Therefore, the trial court properly ordered that each party was responsible for their own costs and attorney fees.

Affirmed.