**Paul CHRISTY and Julia Christy, Appellants–Third–Party Plaintiffs,**

v.

**Paul SEBO and Anita Sebo, Appellees– Third–Party Defendants.**

**No. 55A05–1002–CC–131.**

Court of Appeals of Indiana.

July 14, 2010.

Gabriel A. Hawkins, Cohen & Malad, LLP, Indianapolis, IN, Attorney for Appellants.

## OPINION

CRONE, Judge.

### Case Summary

Paul and Julia Christy ("the Christys") appeal the order denying their request for attorney's fees and costs against Paul and Anita Sebo ("the Sebos"). We reverse and remand.

### Issues

The Christys raise two issues, which we restate as follows:

I. Whether the Christys are entitled to attorney's fees and expenses incurred in defending against an adverse possession claim; and

II. Whether the Christys are entitled to attorney's fees and expenses in-

curred in litigating their breach of warranty claim against the Sebos.

## Facts and Procedural History

On October 9, 2007, after negotiation and several counter offers, the Christys entered into a real estate purchase agreement ("the Agreement") with the Sebos to purchase real estate ("the Real Estate") in Martinsville. The counter offer the parties ultimately executed provided in pertinent part, "All other terms and conditions of the Purchase Agreement and all previous Counter Offers shall remain in effect except as modified by this Counter Offer." Appellants' App. at 97. The Agreement included the following relevant provision:

ATTORNEY'S FEES: Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party.

*Id.* at 90. In addition, prior to the closing underlying this sale, the Sebos issued a vendor affidavit, which provided as follows:

The Real Estate is now in possession of Vendor and no other person has a right to possession or claims possession of all or any part of the Real Estate. Vendor will deliver possession of Real Estate to Purchaser on or before date of closing, free and clear of any right or claim of any person to the possession of the Real Estate.....

Vendor intends that each of the statements made herein shall be construed as a representation: each of the representations is made for the purpose of inducing Purchaser to purchase the Real Estate[.]

*Id.* at 104.

Brent and Gloria Clark ("the Clarks") owned property adjacent to the Real Es-

tate. On August 22, 2008, the Clarks filed a complaint for adverse possession of a quarter-acre section of the Real Estate and to quiet title against the Christys in Morgan Superior Court 1. On December 16, 2009, the Christys filed a motion to add the Sebos as third-party defendants and a third-party complaint against the Sebos, alleging breach of warranty of title. On February 16, 2009, the Sebos filed a cross-claim against the Clarks for trespass, alleging that the Clarks had encroached upon the Real Estate.

On March 3, 2009, the Christys filed an omnibus motion for partial summary judgment (1) against the Clarks, asserting that their adverse possession claim could not be sustained as a matter of law because the Christys had paid the property taxes on the encroached land, and (2) against the Sebos, contending that they had breached the warranty of title in the Agreement. The Christys asked the trial court to dismiss the Clarks' adverse possession claim, to rule in their favor on their breach of warranty claim against the Sebos, and to set a hearing to determine their damages. Sometime thereafter, the Christys and the Clarks entered into a settlement agreement, extinguishing the Clarks' claim against the Christys.

On May 21, 2009, the trial court granted the Christys' motion for partial summary judgment against the Sebos, thus concluding that the Sebos breached the warranty of title in the Agreement. On June 4, 2009, the Christys filed another summary judgment motion against the Sebos, this time as to damages for the breach of warranty. Pursuant to the motion, the Christys stipulated that the reasonable damages that they could recover would be limited to (1) the reasonable attorney's fees the Christys incurred in defending against the

Clarks' adverse possession claim; (2) the reasonable attorney's fees incurred in prosecuting their breach of warranty claim against the Sebos; and (3) the cost of the survey done in conjunction with the litigation of the Clarks' claim. On July 16, 2009, the trial court granted the Christys' summary judgment motion as to damages and awarded them damages of $6162.21. The trial court's order does not set forth the basis for this award, but according to the Christys, this sum consists of the damages described in (1) and (2) and excludes the damages in (3). Appellants' Br. at 4; *see also* Appellants' App. at 140 ("[Christys'] Memorandum of Law in Support of Summary Judgment as to Damages," stating that Christys' counsel had billed $6162.21 as of the date of the drafting of the Christys' summary judgment motion as to damages).

On July 27, 2009, the Sebos filed a motion for recusal, which the trial court granted. The Sebos also filed a motion to reconsider and correct error, arguing that the Christys were not entitled to the recovery of attorney's fees in defense of the Clarks' adverse possession claim or in relation to the Christys' breach of warranty claim against the Sebos. The case was then transferred to Morgan Superior Court 2. The new trial court granted in part the Sebos' motion to correct error, issuing the following correction and amendment to the July 16, 2009, order:

> The [Christys'] motion for summary judgment as to the issue of liability of the [Sebos] upon the [Christys'] claim of damages for reimbursement of attorney fees and reasonable costs under the purchase agreement contract between the parties is GRANTED, as *there is no genuine issue of material fact as to liability of the [Sebos] for reasonable attorney fees and costs* under the contract, and the [Christys] are entitled to Judgment as a matter of law.

> A genuine and material issue of fact exists as to the amount of attorney fees and reasonable costs that the [Christys] should recover from the [Sebos]. A damages hearing as to this issue will be required so that the Court may consider the evidence pertaining to the actual fees and reasonable costs incurred by the [Christys] in litigating their claim against the [Sebos]. A separate hearing on damages shall be scheduled by the Court upon the written request of the [Christys], which request shall designate the allotment of time needed to present evidence on this issue.

Appellants' App. at 173–74 (emphasis in original omitted and emphasis added).

Following a hearing, on February 1, 2010, the trial court issued the following order:

> This case is before the Court for resolution of the [Christys'] request for an award of attorney fees and costs against the [Sebos] following *the entry of summary judgment on the issue of liability in favor of the [Christys] upon their complaint against the [Sebos]* . . . . .

> . . . .

> The Court . . . set aside the Morgan Superior Court 1 summary judgment as it pertained to the amount of the award of attorney fees and costs, *but not as to the finding of liability of the [Sebos] for reasonable attorney fees and costs.* Thus, this case is now before the Court for resolution of the amount of reasonable attorney fees and costs that the [Sebos] should be required to pay the [Christys].

> . . . .

> The Court may award reasonable attorney fees and expenses to a grantee against a grantor when the grantee is unsuccessful in defending the grantee's property against a claim of adverse pos-

session, and as a result, the grantor breached the warranty of title to the grantee. *Rieddle v. Buckner*, 629 N.E.2d 860 (Ind.Ct.App.1994). The grantee cannot recover attorney fees and expenses in the successful defense of the grantee's property against a claim of adverse possession. *Keilbach v. McCullough*, 669 N.E.2d 1052, 1054 (Ind.Ct.App.1996).

Here, the [Christys] are the "grantees" and the [Sebos] the "grantors." In light of the rulings in *Rieddle* and *Keilbach, supra,* the Court must first consider whether the [Christys] were "successful" or "unsuccessful" in defending their property against the claim of adverse possession by the [Clarks]. It is without dispute that the [Clarks] and the [Christys] settled their claims against each other, including the adverse possession claim of the [Clarks] against the [Christys]. The [Christys] sold the disputed property to the [Clarks] for the sum of $12,500.00. Since the [Christys] received a sum of money from the [Clarks] for the disputed property, as opposed to receiving no sum of money from the [Clarks] had the [Clarks] prevailed upon their claim of adverse possession, one can only describe the [Christys'] defense of their property against a claim of adverse possession as—"successful."

. . . . In light of the ruling in *Keilbach, supra,* the [Christys] are not entitled to recover reasonable attorney fees and costs from the [Sebos] under the claim of breach of warranty.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Summary Judgment is granted in favor of the [Christys], *upon the issue of liability as a matter of law* against the [Sebos], but that the [Christys] shall receive no award ($0.00) of monetary damages against the [Sebos].

*Id.* at 183–86 (emphases in original omitted and emphases added).

Finally, the Sebos moved for summary judgment against the Clarks, which the trial court denied based upon its conclusion that the Sebos did not file their trespass claim within the applicable statute of limitations.

### Discussion and Decision

#### *Standard of Review*

The Christys appeal the trial court's order on their summary judgment motion on the issue of damages.

Our standard of review is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. Review of a summary judgment motion is limited to those materials designated to the trial court. We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court.

*Mangold ex rel. Mangold v. Ind. Dep't of Natural Resources,* 756 N.E.2d 970, 973–74 (Ind.2001) (some citations omitted).

In addition, we note that the Sebos have not filed an appellees' brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments on the appellee's behalf, and we apply a less stringent standard of review with respect to showings of reversible error. *Murfitt v. Murfitt,* 809 N.E.2d 332, 333 (Ind.Ct.App.2004). That is, we may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.*

## I. Christys' Defense of Adverse Possession Claim

■ The Christys assert that the trial court erred in concluding that "[i]n light of the ruling in *Keilbach, supra,* the [Christys] are not entitled to recover reasonable attorney fees and costs from the [Sebos] under the claim of breach of warranty." Appellants' App. at 185. The Christys contend that *Rieddle,* 629 N.E.2d 860, rather than *Keilbach,* 669 N.E.2d 1052, guides us to the correct result in this case. We agree.

In *Rieddle,* buyers bought a home from sellers, and buyers subsequently learned that a neighbor had built a fence upon part of their lot. Buyers filed a quiet title action against neighbors. Neighbors counterclaimed, asserting adverse possession. Buyers also sought damages from seller for breach of warranty of title. The trial court awarded partial summary judgment in favor of neighbors, concluding that they acquired the real estate within their fence line by adverse possession. Buyers obtained a default judgment against sellers, but the trial court denied buyers' request for litigation costs and attorney's fees. Buyers appealed. In determining whether buyers were entitled to attorney's fees and expenses for defending their title to the property, we stated, "Because the [neighbors] were successful on their adverse possession claim, it follows that *the [sellers] breached their warranty of title* to the [buyers]." 629 N.E.2d at 864 (emphasis added). We held that "only the reasonable attorney's fees and expenses the grantee expended in defending title are recoverable from the covenantor *for breach of warranty of title.*" *Id.* (emphasis added).

In *Keilbach,* buyer purchased real estate from seller. Later, when buyer attempted to sell the real estate, neighbor claimed that he was owner of a portion thereof. Buyer filed a complaint to quiet title to the disputed tract and sought damages from seller for breach of warranty of title. The trial court entered judgment in favor of buyer in both actions. As to buyer's action against seller, the trial court found that seller breached the warranty of title when he refused to defend buyer's title and that buyer was entitled to attorney's fees and expenses associated with the defense of her title. Seller appealed, asserting that "the trial court erred in finding that *Rieddle* also stands for the proposition that a grantee can recover attorney fees and expenses in the successful defense of her title." 669 N.E.2d at 1054. We agreed and held as follows:

> When a grantee successfully defends her title, the grantor *has not breached his warranty of title* and, therefore, cannot be held liable for expenses incurred in defending the title. .... As a result, we must reverse the trial court's judgment against [seller] for breach of his warranty of title and remand with instructions for the court to vacate the portion of its judgment holding [seller] liable for [buyer's] attorney fees and expenses.

*Id.* (emphasis added).

The threshold issue in both *Rieddle* and *Keilbach* is whether the seller breached the warranty of title. As to that specific issue in the case at bar, on May 21, 2009, summary judgment was granted in favor of the Christys and against the Sebos, and the Sebos have not appealed that ruling. Thus, the Sebos did, in fact, breach the warranty of title. The fact that the Christys and the Clarks ultimately settled their adverse possession dispute is irrelevant to the question of whether Sebos breached the warranty of title. Therefore, the Christys are entitled to their reasonable attorney's fees and costs incurred in defending against the Clarks on their adverse possession claim.

## II. Christys' Breach of Warranty Claim Against the Sebos

 The Christys argue that pursuant to the Agreement they are entitled to their reasonable attorney's fees and expenses incurred in litigating their breach of warranty claim against the Sebos. We observe that the February 1, 2010, order is silent as to this issue. The Agreement contained a provision that required the non-prevailing party to pay the attorney's fees and expenses to the prevailing party "in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction[.]" Appellants' App. at 90. Further, the counter offer that the parties executed contained a provision that stated, "All other terms and conditions of the Purchase Agreement and all previous Counter Offers shall remain in effect except as modified by this Counter Offer." *Id.* at 97. We observe that

> [i]t is well established that parties are permitted to enter into agreements containing fee-shifting provisions as long as the provision does not violate public policy. The purpose of allowing an award of attorneys' fees pursuant to an agreement is to more fully compensate a party who has successfully enforced his legal rights in court.

*Gerstbauer v. Styers,* 898 N.E.2d 369, 379 (Ind.Ct.App.2008) (citations and quotation marks omitted). Here, the trial court found that the Sebos breached the warranty of title. The Christys are the prevailing party and, pursuant to the Agreement, are entitled to their attorney's fees and expenses incurred in litigating the breach of warranty claim against the Sebos.

Based on the foregoing, we conclude that the trial court erred in failing to award the Christys reasonable attorney's fees and costs incurred in their defense of the adverse possession claim and in litigating their breach of warranty claim. We therefore reverse the trial court's decision not to award attorney's fees and costs and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, C.J., and DARDEN, J., concur.